SUCCESSORS OF ARTAU, PLAINTIFFS AND APPELLEES, *v.* ROIG
ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in an Action
of Debt.

No. 2310.—Decided April 7, 1921.

APPEAL—JUDGMENT—JURISDICTION.—A final judgment entered by a court with jurisdiction of the subject-matter of the action can not be set aside under the pretext of lack of jurisdiction because of errors committed by the court in weighing the facts and applying the law. If the court erred in not giving legal effect to the defense of the defendant that the action had been compromised by the parties, the proper remedy for obtaining a reversal by reason of such error was by appeal and not by a motion to set aside the judgment for lack of jurisdiction.

The facts are stated in the opinion.

*Messrs. J. J. Ortiz* and *F. R. Flores* for the appellants.

*Mr. S. B. Palmer* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Successors of Eduardo Artau, a limited mercantile partnership doing business in Utuado, brought an action to recover the sum of $1,437.98 on February 16, 1917, in the District Court of Arecibo against the succession of Antonio Roig Colomer composed of María Laurentina, Ángela Antonia, José Antonio, María Monserrate, María Isolina, Ramona Heriberta, Juan Eduardo, Francisco José, María Georgina and

Rosa Agustina Roig Serrano, Pedro Antonio and Antonio Manuel Ruíz Roig and Jorge Roig Cruz, the plaintiffs alleging in their complaint as facts determinative of their cause of action that Antonio Roig Colomer had in the Municipality of Utuado a retail grocery store and opened an account in the commercial establishment of the plaintiffs; that at the time of his death the account amounted to $712.54; that defendant Antonio Roig Serrano, his son, continued to take cash and groceries on the said account up to the sum of $725.44 more after the death of his father, and the total of these two items is the sum claimed in the complaint, which has not been paid in whole or in part.

Defendants María Laurentina, Angela Antonia, María Isolina, María Georgina, Rosa Agustina and Juan Eduardo Roig Serrano and Manuel and Pedro Antonio Ruíz Roig appeared and alleged in their answer on December 19, 1917, that the action had been compromised by virtue of a private contract signed on November 1st, 1917, but that if it had not been compromised they denied the total amount of the debt claimed, because upon the death of their predecessor, Antonio Roig Colomer, he owed the plaintiff partnership only $432.01 which the defendant succession has never denied and has always been willing to pay.

After trial the court entered judgment on February 28, 1919, adjudging that defendants José Antonio, Angela Antonia, María Monserrate, María Isolina, María Laurentina, María Georgina and Rosa Agustina Roig Serrano jointly and severally pay to the plaintiff partnership the sum of $1,157.45 and dismissing the complaint as to defendants Ramona Heriberta, Juan Eduardo and Francisco José Roig Serrano, Pedro Antonio and Manuel Antonio Ruíz Roig and Jorge Roig Cruz, without costs. The judgment became executionable because no appeal was taken therefrom.

More than a year thereafter, or on May 20, 1920, the de-

fendants moved the court to set aside the said judgment and to vacate the attachment levied at the instance of the plaintiffs on a rural property of fifty-one acres of land to secure the effectiveness of the said judgment, alleging that the court had no jurisdiction to enter the judgment because on November 1, 1917, the parties had agreed to compromise the matter, which on that date put an end to the action.

The said motion was overruled by an order of July 15, 1920, the pertinent part of which is as follows:

"In the opinion delivered by the court in support of its judgment the following was said:

" 'The plaintiff has exhibited a document entitled "Compromise Contract" dated November 1, 1917, wherein it is admitted in writing by defendants María Monserrate, or Monserrate Roig Serrano, María Isolina, or Isolina Roig Serrano, Angela Antonia, or Angela Roig Serrano, María Laurentina, or Laura Roig Serrano, Rosa Agustina, or Rosa Roig Serrano, and Georgina Roig Serrano, and by their attorney, Francisco R. Flores, that Antonio Roig Colomer died in Utuado on September 27, 1914; that the said defendants are his heirs, and that before his death the said Antonio Roig Colomer had contracted a debt with Successors of Eduardo Artau which was thereafter increased by his succession and amounted to $1,157.45.'

"Attached to the record and marked 'Plaintiff No. 1' is the original compromise contract to which the court refers. This document is signed only by Julio Menchaca, assignee of Ramona Heriberta Roig Serrano and Pedro Ruíz Roig, and by Monserrate Roig, Isolina Roig, Laura Roig, Angela Roig, Rosa Roig and Georgina Roig and their attorney, Francisco R. Flores, but *nowhere appears the signature of the plaintiffs,* Successors of Eduardo Artau, for which reason it CAN NOT BE HELD THAT THEY GAVE THEIR CONSENT and that is one of the essential requisites of every contract. The said document was exhibited by the plaintiffs in order to prove admissions of the defendants and not in the form of a compromise, and the court entered judgment on the result of the evidence examined, as may be seen from the findings set out in the opinion. The motion of the defendants is OVERRULED. *    *    *    * "

That ruling has been appealed from to this court and

the appellants assign in support of the appeal the following errors committed by the court: 1. In holding that the plaintiffs did not consent to the compromise contract on the ground that it was not signed by Successors of Eduardo Artau; 2. In finding that the document was exhibited by the plaintiffs in order to prove admissions of the defendants and not in the form of a compromise.

We think it unnecessary to consider the reasons given to support the ruling appealed from, for even supposing that the errors assigned were committed, the ruling would be sustained on the essential ground that the basis of the motion was the lack of jurisdiction in the Arecibo court to enter the judgment sought to be set aside. The said court had jurisdiction of the case by reason of the nature of the action, and it was not deprived of such jurisdiction by the compromise invoked by the appellants, who in answering the complaint set it up as a defense and submitted it to the consideration of the court. If the court erred in weighing its lawful effects as it did, that error could have been invoked in support of a reversal of the judgment on an appeal, but not in a motion to set aside the judgment; and if the appellants sought relief under section 140 of the Code of Civil Procedure in order to obtain reparation for the injury suffered for any other reason than the lack of jurisdiction of the court, they did not do so in due form or within the time allowed by the said section.

For the foregoing reasons the order appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.